(June 13, 1906.)

## A. T. SPOTSWOOD et al., Respondents, v. HENRY DERNHAM et al., Appellants.

[85 Pac. 1108.]

LIMITED PARTNERSHIPS—SERVICE OF SUMMONS ON PART OF THE PARTNERS—JUDGMENT AGAINST THOSE WHO WERE NOT SERVED.

1. Where an action is begun upon the theory that the defendants compose a voluntary unincorporated joint stock company, and that the service of summons must be made upon each and every of the defendants to give the court jurisdiction, when the clerk of the court, through inadvertence or otherwise, enters judgment against the unserved defendants, on appeal such judgment will be set aside.

2. In such case, where the partners served with summons appeal, that appeal inures to the benefit of the unserved partners, provided the service of summons on one partner is sufficient service on all of them.

(Syllabus by the court.)

APPEAL from the District Court of Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

Action to recover commission for sale of real estate. Judgment for the plaintiffs. *Reversed.*

James E. Babb and Daniel Needham, for Appellants.

I. N. Smith, for Respondents.

Submitted on the same briefs as the case of *Spotswood v. Morris, ante,* p. 360, 85 Pac. 1094.

SULLIVAN, J.—This is an appeal by the defendants Dernham, Kauffman and Scott, from the judgment rendered by the trial court in the case of A. T. Spotswood et al., against John B. Morris, as administrator of the estate of Benjamin F. Morris, deceased, et al. This is the same case reported *ante*, p. 360, 85 Pac. 1094, and reference is made to that case for the facts on this appeal. The title to the case is given in the complaint as follows:

"A. T. Spotswood and Fred Veatch, Partners as Spotswood & Veatch, Plaintiffs, v. John B. Morris, as Administrator of the Estate of Benjamin F. Morris, Deceased; Harriet F. Morris, Administratrix of the Estate of Benjamin F. Morris, Deceased; Henry Dernham, William Kauffman, John P. Vollmer, Wallace Scott and Robert Schleicher, Trading and Doing Business as The Denver Townsite Company, a Voluntary Unincorporated Joint Stock Company, Defendants."

In the decision by this court on the appeal above referred to, the court held that the Denver Townsite Company was a limited partnership, regulated and controlled by its articles of association, and the plaintiffs refer to it in the title of the case as "The Denver Townsite Company," a voluntary unincorporated joint stock company. While it was contended finally by counsel for respondents that said association was only a general partnership, the case apparently was not tried upon that theory. Service of summons was never made upon the defendants Dernham, Kauffman and Scott, and there was no appearance in the case for them; but regardless of that fact, a judgment was entered against them, which would have been proper had they been general partners with the other defendants, and in the determination of this matter it may be considered that the service on one partner was a sufficient service on all of them. If that be true, the appeal of Vollmer, Schleicher and the administrator of the Morris estate was an appeal for the entire partnership, and the judgment of the trial court against them must be set aside and the action dismissed on the same grounds for the same reasons given in

our decision in the former case. Taking the other view of the matter, that in order to get jurisdiction of Dernham, Kauffman and Scott they should have been served with summons, as they were not, the court had no jurisdiction to enter judgment against them, and for that reason the judgment must be set aside.

It seems clear to me from the record in this case that the clerk inadvertently entered judgment against all of the defendants, when the theory on which the case was commenced seems to have been that service of summons must be made on each of the defendants. The judgment, as entered, recites the fact that James E. Babb and Daniel Needham appeared as attorneys for the defendants, when, as a matter of fact, they did not appear for said Dernham, Kauffman and Scott, unless it be held that by appearing for the administrator of the Morris estate and Vollmer and Schleicher, they thereby appeared for all the defendants. But, as above stated, I do not understand that the case was tried upon the theory that the Denver Townsite Company was a general partnership, and the papers show that Messrs. Babb and Needham only appeared for a part of the defendants. While the judgment itself does not name any of the defendants, it does recite as follows: "Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered and adjudged that said plaintiffs have and recover from said defendants the sum of $2,683.33," etc. If Messrs. Babb and Needham appeared for all the defendants, the judgment must be set aside as to all of the defendants, and if they only appeared for the administrators of the Morris estate, Vollmer and Schleicher, the court had no jurisdiction to enter judgment against the other defendants, and the judgment must be set aside, and it is so ordered. The case is remanded to the trial court, with instructions to dismiss the action. Costs are awarded in favor of the appellants.

Stockslager, C. J., concurs.

AILSHIE, J., Concurring.—I concur with the opinion of Mr. Justice Sullivan in this case. To my mind, this opinion rests on the true and only legal basis on which it can be founded, and does not depend for its justification on the theory that a joint stock company or association is a peculiar organization that may exercise powers and enjoy privileges and immunities not exercised or enjoyed by individuals or partnerships. There is neither reason nor any sound law against a business association calling itself a joint stock company, but such organization is nothing more nor less than a partnership—special if formed in compliance with chapter 1, title 11, of the Civil Code; otherwise general, though limited to a specific business or transaction. I do not understand that counsel for respondent has ever contended otherwise. He does urge, however, that while they were a partnership he has so prosecuted his action against them as to hold both the partners as such, and also all the members personally on whom he secured personal service. If his position is correct, it would still be true that he could take no judgment against any individual not served, and on the other hand, a reversal of his judgment against the partnership on the appeal of any member thereof must necessarily inure to the benefit of all the partners. His judgment against Dernham, Kauffman and Scott must, therefore, fail, whether it be considered a judgment against them as individuals or against the partnership.